UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE L. MIKESELL,

    Plaintiff,

vs.                                              Case No. 11-10229

HAFELI STARAN HALLAHAN &               HON. AVERN COHN
CHRIST, P.C. d/b/a/ HSHC, P.C., and
HSHCD, P.C., and P. DANIEL CHRIST,
Jointly and Severally,

    Defendants.

_____/

**MEMORANDUM AND ORDER STAYING DECISION ON DEFENDANTS' MOTION TO DISMISS FOR THIRTY (30) DAYS PENDING LIMITED DISCOVERY**[1]

I.  Introduction

This is a consumer rights case. Plaintiff Christine Mikesell is suing defendants Hafeli Staran Hallahan & Christ, P.C. (HSHC) and P. Daniel Christ claiming violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 and the Michigan Regulation of Collection Practices Act, M.C.L. § 445.251. The complaint stems from Christ, an attorney and partner in the law firm of HSHC, sending a letter to plaintiff seeking payment on an alleged obligation owed to a client of HSHC.

Before the Court is defendants' motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Defendants argue that the Court lacks subject matter jurisdiction over plaintiff's federal claim under the FDCPA because defendants are not "debt collectors" within the meaning of the act. Defendant then ask

---

[1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

for the Court to decline to exercise supplemental jurisdiction over plaintiff's state law claim.

For the reasons that follow, decision on the motion will be stayed thirty days (30) to allow plaintiff limited discovery on the issue of whether defendants are "debt collectors."

## II.  Legal Standard

Review of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) requires a court to "accept as true all material factual allegations in the complaint."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Such a motion may consist of a "facial attack," under which the moving party asserts that the allegations of the complaint are not sufficient to establish jurisdiction, or a "factual attack," under which the court may consider evidence to determine if jurisdiction does exist.  O'Bryan v. Holy See, 556 F.3d 361, 376–77 (6th Cir. 2009).

In considering a factual attack, the Court looks at evidence outside the pleadings, and "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir. 1996).  Moreover, even under a facial attack, conclusory allegations or legal conclusions masquerading as factual conclusions will not prevent dismissal.  O'Bryan, 556 F.3d at 377

## III.  Analysis

Defendants are making a factual attack to jurisdiction.  They argue that based on the materials submitted with their motion, which are the affidavits from Christ and the

president of HSHC, there is no basis for finding defendants to be "debt collectors" under the FDCPA.

Under the FDCPA, "debt collector" means

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). The Supreme Court has construed this provision to include "attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." Heintz v. Jenkins, 514 U.S. 291, 298, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). The Court of Appeals for the Sixth Circuit has interpreted "regularly" as follows:

> for a court to find that an attorney or law firm "regularly" collects debts for purposes of the FDCPA, a plaintiff must show that the attorney or law firm collects debts as a matter of course for its clients or for some clients, or collects debts as a substantial, but not principal, part of his or its general law practice.

Schroyer v. Frankel, 197 F.3d 1170, 1176 (6th Cir. 1999).

In Schroyer, the Sixth Circuit affirmed the district court's conclusion that an attorney and his law firm did not "'regularly' collect debts so as to constitute 'debt collectors' under the FDCPA" where only 2% of the firm's overall practice consisted of debt collection cases, the firm did not employ any individuals full-time to collect debts, and only 7.4% of the individual attorney's practice consisted of debt collection cases. Id. The Sixth Circuit further noted that in the majority of the attorney's debt collection cases, he represented debtors and thus was not competing with lay debt collectors. Id. Further, the attorney represented a number of business clients who were the source of a number of his debt collection cases. Id. In light of these facts, the Sixth Circuit

3

agreed with the district court that the attorney and his law firm were not debt collectors.

Defendants rely on Schroyer and Gauntner v. Doyle, 554 F. Supp. 2d 779 (N.D. Ohio 2008) to argue that they are not "debt collectors." The problem with defendants' reliance is that the procedural posture of these cases is different from that here. In Schroyer, plaintiffs moved for partial summary judgment. The district court denied the motion on the grounds that there was a genuine issue of material fact as to whether defendants were "debt collectors." After a bench trial, the district court found that defendants were not "debt collectors" under the FDCPA. A finding that the Sixth Circuit affirmed.

In Gauntner, the district court also concluded that the defendant, an attorney, was not a "debt collector" subject to the FDCPA. Although defendant moved to dismiss the complaint under Rule 12(b)(6), the district court sua sponte converted the motion to dismiss to a motion for summary judgment. In so doing, the district court explained why it did not have to give advance notice to the parties:

> . . . As a preliminary matter, the court notes that the Gauntners attached three exhibits to their complaint: a copy of Doyle's letter and two printouts from Doyle's website. Doyle's motion to dismiss also contains matters outside of the pleadings: two affidavits, two letters, and a copy of the state court complaint. Finally, the Gauntners' memorandum in opposition to Doyle's motion to dismiss again includes Doyle's letter and the two website printouts as exhibits. Thus both parties have presented the court with matters outside the pleadings. Further, because the Gauntners filed their opposition two weeks early, and Doyle chose not to file a reply memorandum, each party has been afforded ample time to respond to such matters.
>     The record also shows that neither party is likely to be surprised by the conversion. Specifically, in Doyle's brief, he explicitly noted that he had supplemented his motion with exhibits. Similarly, in the Gauntner's opposition brief, they cited, and in fact underlined, law requiring the court to convert a motion to dismiss to one for summary judgment if matters outside the pleadings are considered. Accordingly, the Gauntners were well aware of this possibility, and perhaps relied on it when they submitted matters outside of the pleadings for

4

> the court's consideration. Further, when the Gauntners underlined the possibility of conversion in their opposition, Doyle had notice of this possibility. Nonetheless, he chose not to file a reply memorandum. In light of these facts, the court is convinced that both parties are on notice of the potential for conversion, making actual notice of conversion unnecessary at this juncture. Accordingly, the court will treat Doyle's motion to dismiss as a motion for summary judgment pursuant to Rule 56(c).

554 F. Supp. 2d at 781.

Here, as in Gauntner, plaintiff attached two exhibits to her complaint: a print out from defendants' website and the letter sent by Christ. Defendants' motion to dismiss also contains two exhibits: an affidavit from Christ and an affidavit from the president of HSHC. Plaintiff's response contains further print outs from defendants' website and same letter from Christ which was attached to the complaint. While the Court was initially inclined to follow the lead in Gauntner and convert defendants' motion to a motion for summary judgment, the better course is to allow plaintiff limited discovery on the issue of whether defendants are "debt collectors." Clearly, this issue requires a detailed factual record and analysis. Moreover, plaintiff, in her response, takes issue with the statements in defendants' affidavits, requests discovery, and states that the motion to dismiss is premature. Defendants did not address plaintiff's request for discovery in their reply brief. In Gauntner, unlike here, the plaintiff did not ask for discovery and encouraged conversion of the motion to a motion for summary judgment.

While at the end of the day defendants' argument that they are not "debt collectors" under the FDCPA may be well-taken,[2] the Court is reluctant to rule on

---

[2]Christ, in his affidavit, states that less than 1% of his legal practice is related the business of debt collection and less than 1% of his generated revenues for legal services is related to the business of debt collection in the last five years. He also states he has not had two collection cases total in the last three years. He states he does not have any

5

defendants' motion in light of plaintiff's response. Accordingly, the motion will be stayed for thirty days (30) while plaintiff is afforded limited discovery on the sole issue of whether defendants are "debt collectors."

    SO ORDERED.


Dated: May 12, 2011                S/Avern Cohn
                                           AVERN COHN
                                           UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 12, 2011, by electronic and/or ordinary mail.

                                             S/Julie Owens
                                             Case Manager, (313) 234-5160

---

persons working full or part-time for the purpose of collecting debts. He also states that his representation of Carmen Segasser, and sending the letter to plaintiff, was the first legal services he has provided for her. He further states he does not represent any collection agencies or major creditor or business client with substantial debts for collection. He also does not have any debt collection letters or documents that he uses in his practice and the format of the letter sent on behalf of Carmen Segasser had never been used before. John D. Staran, president of HSHC, states in his affidavit that less than 1% of HSHC cases are related to the business of debt collection and less than 1% of HSHC's revenue for legal services are generated by work involving the business of debt collection. Also, he states HSHC does not have any persons working full or part-time for the purpose of collecting debts nor does HSHC represent any collection agencies or major creditors or business clients with substantial debts for collection. He further states that HSHC does not have any firm form debt collection letter or documents which it uses in its practice. Such evidence certainly militates against finding defendants are "debt collectors."